1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5                                * * *

6    UNITED STATES OF AMERICA,              Case No. 3:18-cv-00063-MMD-WGC

7                        Plaintiff,                    ORDER

          v.
8
     SPENCER J. STEELE; JAY SORDEAN
9    as the successor trustee of THE DESERT
     LAKE TRUST CREATED ON OCTOBER
10   1, 2005; and STEWART TITLE
     COMPANY as the successor in interest to
11   STEWART TITLE OF DOUGLAS
     COUNTY,
12
                        Defendants.
13

14   **I.      SUMMARY**

15          Plaintiff United States of America ("Government") brought this action seeking

16   federal tax assessment judgment against Defendant Spencer J. Steele ("Steele") and to

17   foreclose federal tax liens against real property located at 1883 Genoa St., Gardnerville,

18   NV 89410, Assessors Parcel No. 1022-29-201-012 ("Property"). The Court entered

19   judgment in favor of the Government on June 7, 2019 ("Judgment"). (ECF Nos. 60, 61.)

20   Before the Court is the Government's motion for entry of order of sale with an

21   accompanying proposed order of sale. (ECF Nos. 67, 67-1.) Steele filed a response, which

22   the Court deems a motion to stay the sale pending Steele's appeal of the Judgment. (ECF

23   No. 69.)[1] The Government has not replied. The Court will deny Steele's motion to stay

24   and grant the Government's motion for entry of order of sale. However, the Court defers

25   ///

26          [1]The Court acknowledges Steele's statement that: "Defendant does not have
     hundreds of thousands of dollars to put up as a bond, so Defendant has been unable to
27   file a stay pending appeal." (ECF No. 69 at 2.) Nonetheless, Steele effectively seeks a
     stay by asking the Court to "deny [the Government's] Motion until the appeal process is
28   completed." (*Id.* at 3.)

1 signing the proposed order until the Court is assured that the order reflects the correct

2 property address.[2]

## II. MOTION TO STAY (ECF NO. 69)

4 A district court has discretionary power to stay proceedings in its own court. *Landis*

5 *v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d

6 1098, 1109 (9th Cir. 2005). In the context of a stay pending appeal, the Court considers

7 "four factors: '(1) whether the stay applicant has made a strong showing that he is likely to

8 succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

9 (3) whether issuance of the stay will substantially injure the other parties interested in the

10 proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434

11 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the

12 traditional standard are the most critical." *Id.*

13 The Ninth Circuit employs a sliding scale in applying these factors whereby "the

14 elements of the . . . test are balanced, so that a stronger showing of one element may

15 offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d

16 1127, 1131 (9th Cir. 2011); *see also Leiva-Perez v. Holder*, 640 F.3d 962, 964–66 (9th

17 Cir. 2011) (noting that the sliding scale of preliminary injunctions is "essentially the same"

18 as the test used in the stay context and holding the approach remains applicable following

19 *Nken*). Under this sliding scale approach, "the required degree of irreparable harm

20 increases as the probability of success decreases." *Nat. Res. Def. Council, Inc. v. Winter*,

21 502 F.3d 859, 862 (9th Cir. 2007).

22 Here, in the motion to stay Steele makes no contention concerning likelihood of

23 success on the merits, aside from supposing that the Ninth Circuit Court of Appeals could

24 rule differently than this Court. (*See generally* ECF No. 69.) Nor does Steele address the

25 public interest prong, although he contends that delaying the sale "would be in the best

26 ///

27 [2]*Compare* (ECF No. 67-1 at 1 (identifying the Property as "located at 1883 Genoa
Ln., Gardnerville, NV 89410, Assessor's Parcel No. 1022-29-201-012")) *with* ECF No. 60

28 at 1 n.1 (citing ECF No. 28-12 (indicating the address is a "St." and not "Ln"); *see also*
ECF No. 28-12 at 64).)

1   interests of all parties." (*See id.* at 3.) Steele only makes argument regarding harm/injury

2   as to himself, the government, certificate holders of the Desert Lake Trust ("DLT"), and

3   purchaser(s) of the Property. (*Id.*) Steele's arguments regarding potential harm absent a

4   stay of the sale are therefore insufficient to meet the applicable standard to warrant a stay

5   of the sale.

6   **III.    MOTION FOR ENTRY OF SALE (ECF NO. 67)**

7        The Court grants the motion for entry of sale (ECF No. 67) in light of its Judgment

8   in favor of the Government which is grounded on the Court's determination that the

9   Government is entitled to collect on Steele's tax liabilities by enforcing its tax liens against

10  the Property. (ECF No. 60 at 20.)

11       The Government's motion specifically seeks to have this Court order sale of the

12  Property under 26 U.S.C. §§ 7402 and 7403(a). Section 7402 provides that a court may

13  issue "writs and orders of injunction, and of *ne exeat republica*, orders appointing

14  receivers, and such other orders and processes, and to render such judgments and

15  decrees as may be necessary or appropriate for the enforcement of the internal revenue

16  laws." 26 U.S.C § 7402(a). Section 7403 "affords district courts limited equitable discretion

17  in determining whether to order the sale of property to satisfy delinquent tax liabilities."

18  *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir. 1987) (citing *United States v.*

19  *Rodgers*, 461 U.S. 677, 680 (1983)). In exercising such limited discretion, the Court

20  considers "both the government's interest in prompt and certain collection of delinquent

21  taxes and the possibility that innocent third parties will be unduly harmed by that effort."

22  *Id.*

23       [Discretion is almost always limited to the consideration of four factors when
         the independent interests of third parties are involved . . . The four factors
24       which a court may consider are: (1) the extent to which the government's
         financial interests would be prejudiced if it were relegated to a forced sale of
25       the taxpayer's partial interest, (2) whether the third party with a nonliable
         separate interest in the property has a legally recognized expectation that
26       his or her separate property will not be subject to a forced sale by the
         taxpayer's creditors, (3) the likely prejudice to the third party, both in personal
27       dislocation costs and practical undercompensation, and (4) the relative
         character and value of the interests held in the property.

28

*Id.* at 1407–08.

As indicated, Steele relevantly only argues that undue harm will result to innocent third parties —those noted above—from a sale of the Property before decision on Steele's appeal. (ECF No. 69 at 3.) The Court disagrees.

As an initial matter, the Government assumes any likely harm to itself from moving forward with the sale, by its very election to do so. Moreover, the Government is not a third party. Steele next argues that he is an innocent "third party" that would be harmed in his capacity as the leaseholder on the Property because the leasehold would be terminated if the Property was sold. (*Id.*) Like the Government, Steele is not a third party. Further, while the Court acknowledges that Steele will likely be harmed, by for example being displaced from the Property, intrinsic to the Court's Judgment was the conclusion that Steele is not innocent in the considerations of this matter. In addition, certificate holders of the DLT, which the Court has concluded is a sham trust (ECF No. 60 at 17–19), would presumably be compensated should the appellate court find to the contrary and the Property was already sold to a third party. Finally, a potential buyer has no current interest in the Property of which the Court may be concerned in deciding whether to grant the Government's motion. To the extent that potential buyers could be harmed by purchasing the Property pending Steele's appeal, the Court notes that that is not a risk unique to this case, suggesting that the harm is not unduly burdensome by the virtue of the sale itself. Supposing the Government places a potential buyer on notice of the pending appeal, the purchaser may then be regarded to assume the risk that this Court may be reversed on appeal.

Upon considering the relevant factors, the Court exercises its discretion in equity and orders the sale of the Property to satisfy Steele's delinquent tax liabilities. *See, e.g.*, *Rodgers*, 461 U.S. at 709 ("[W]e can think of virtually no circumstances . . . in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself."); *Bull v. United States*, 295 U.S. 247, 259 (1935)

///

4

1 ("Taxes are the lifeblood of government, and their prompt and certain availability an

2 imperious need.").

3       It is therefore ordered that Steele's response, which the Court deems a motion to

4 stay (ECF No. 69), is denied.

5       It is further ordered that the Government's motion for entry of order of sale (ECF

6 No. 67) is granted. The Court will defer signing the Government's proposed order of sale

7 (ECF No. 67-1) for the reason noted herein.

8       DATED THIS 17th day of September 2019.

9

10                             MIRANDA M. DU

11                             CHIEF UNITED STATES DISTRICT JUDGE