1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF NEVADA

10   UNITED STATES OF AMERICA,                )
                                                                      )     Case No. 3:18-cv-00063-MMD-WGC
11              Plaintiff,                                     )
                                                                      )
12              v.                                               )
                                                                      )
13   SPENCER J. STEELE;                           )     **AMENDED ORDER OF SALE**
        JAY SORDEAN as the successor          )
14   trustee of THE DESERT LAKE TRUST   )
        CREATED ON OCTOBER 1, 2005; and  )
15   STEWART TITLE COMPANY as the      )
        successor in interest to STEWART TITLE )
16   OF DOUGLAS COUNTY.                      )
                    Defendants.                           )
17   _____  )

18

19          The Court has considered the United States' Motion To Amend Order of Sale To Allow

20   For Mail-In Bids, and good cause appearing, the motion is hereby GRANTED.

21

22   This Amended Order of Sale is issued pursuant to 26 U.S.C. §§ 7402 and 7403, and the Court

      hereby ORDERS as follows:

23

24

25

1. The United States has valid, perfected, and subsiding tax liens that attach to the real property located at 1883 Genoa St., Gardnerville, NV 89410, Assessor's Parcel No. 1022-29-201-012 and more particularly described as follows:

> THE WEST 165 FEET OF THE NORTH 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHEAST 1/4 OF THE NORTHWEST 1/4 OF SECTION 29, TOWNSHIP 10 NORTH, RANGE 22 EAST, M.D.B. & M.

("the REAL PROPERTY").

2. Pursuant to 28 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the REAL PROPERTY to enforce its tax liens with proceeds to be applied to unpaid tax liabilities of Defendant SPENCER J. STEELE.

3. The United States' federal tax liens against the REAL PROPERTY are hereby foreclosed. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed to offer for public sale and to sell the REAL PROPERTY free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Amended Order of Sale and shall make the arrangements for any sales as set forth in this Order. This Amended Order of Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

4. The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the REAL PROPERTY and to take all actions necessary to preserve the REAL PROPERTY, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

5. In light of the COVID-19 pandemic, it is appropriate to permit mail-in bids as part of the public auction process for this sale. The terms and conditions of the sale are as follows:

   a. Except as otherwise stated herein, the sale of the REAL PROPERTY shall be by public auction or by mail-in bid to the highest bidder, free and clear of all liens and interests, with the proceeds of such sale to be deposited with the Court in accordance with paragraph 9, below.

   b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

   c. The sale shall be held at the United States District Court for the District of Nevada, on the REAL PROPERTY's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, or by mail-in bid at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

   d. Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Douglas County, Nevada, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. **State or local law notice requirements for foreclosures or execution sales do not apply to the sale under federal law, and state or local law regarding redemption rights do not apply to this sale.** The notice or notices of sale shall describe the REAL PROPERTY and shall contain the material terms and conditions of sale in this Amended Order of Sale.

3

e.    The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Amended Order of Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

f.    Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Nevada. If the sale is conducted via mail-in bid, the deposit is to be provided with the bid and will be returned if the bid is not accepted. Before being permitted to bid at the sale, whether by mail-in bid or public auction, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g.    Each mail-in bid will be deemed to make a first bid of the minimum bid specified by PALS. Each mail-in bid must also specify the maximum bid the bidder wishes to make. Failure to specify a maximum bid will result in the bid being invalid, and the PALS shall return the bid and the deposit to the bidder.

h.    If the PALS receives at least two valid mail-in bids, the winning bidder shall be one with the highest maximum bid, and the sales price will be the lesser of (1) the second-highest maximum bid plus $1,000, or (2) the highest maximum bid.

i.    If two or more different mail-in bidders specify the same maximum bid and that maximum bid is the highest maximum bid, the PALS may, without further authorization from the Court, solicit further mail-in bids from all such bidders until a single bidder has the highest maximum bid.

j.      The balance of the purchase price of the REAL PROPERTY in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Nevada. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be applied first to the federal tax liabilities of Defendant SPENCER J. STEELE. The REAL PROPERTY shall be again offered for sale under the terms and conditions of this Amended Order of Sale or, in the alternative, sold to the second-highest bidder. The United States may bid as a credit against its judgment without tender of cash.

k.      The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

l.      The sale of the REAL PROPERTY shall not be final until confirmed by this Court. The title to the REAL PROPERTY shall pass to the purchaser upon sale confirmation, and until then, the risk of loss remains with the current owner. All rights to rents of or from the REAL PROPERTY arising after the final judgment in this action and before the confirmation of the sale of the REAL PROPERTY shall constitute proceeds of the REAL PROPERTY and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the REAL PROPERTY.  On confirmation of the sale of the REAL PROPERTY, all rights to product, offspring, rents, and profits of or from the REAL PROPERTY arising thereafter shall transfer to the successful

bidder(s) and all risks of losses associated with the REAL PROPERTY shall transfer to the successful bidder(s).

m.  Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the REAL PROPERTY to the purchaser or purchasers.

n.  Upon confirmation of the sale or sales, the interests of, liens against, or claims to the REAL PROPERTY held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished.

o.  Upon confirmation of the sale, the purchaser or purchasers are responsible for having the transfer of the REAL PROPERTY reflected in the county property records.

6.  Until the REAL PROPERTY is sold, SPENCER J. STEELE shall take all reasonable steps necessary to preserve the REAL PROPERTY (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the REAL PROPERTY. He shall keep current in paying any property taxes as they become due. He shall not commit waste against the REAL PROPERTY, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the REAL PROPERTY, nor shall he cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the REAL PROPERTY or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of Court and punishable as such.**

7. All persons occupying the REAL PROPERTY shall leave and permanently vacate the Property no later than 30 days after the entry of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the REAL PROPERTY by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property is being conducted by a PALS representative. **Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order. The Unites States Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.** If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining at the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities of Defendant SPENCER J. STEELE.

8. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the REAL PROPERTY is confirmed by this Court, the REAL PROPERTY remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the REAL PROPERTY to the purchaser or purchasers thereof.

9.  The Marshal, his/her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court.

10. Upon appropriate motion for disbursement, the funds received from the sale of the REAL PROPERTY shall be disbursed in the following order:

   a.  First, to the United States for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the REAL PROPERTY pending sale and confirmation by the Court;

   b.  Second, to Douglas County to satisfy any outstanding real property tax liens or special assessment liens entitled to priority under 26 U.S.C. § 6323(b)(6);

   c.  Third, to the United States to be applied to defendant SPENCER J. STEELE's outstanding federal income tax liabilities.

   d.  Fourth, to defendant SPENCER J. STEELE, in the amount of any proceeds remaining after the priorities above are paid in full.

IT IS SO ORDERED

Date: December 3, 2020

_____
MIRANDA M. DU
United States District Judge